UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ARMAN KHACHATRYAN PETITIONER

V. CIVIL ACTION No. 5:26-CV-190-DCB-BWR

WARDEN, Adams County Correctional Center RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 12] of the United States Magistrate Judge entered herein on September 17, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended that Arman Khachatryan's Petition [ECF No. 1] be dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated under 8 U.S.C. § 1225(b) and does not violate the Fifth Amendment's Due Process Clause. Petitioner, represented by counsel, timely filed objections to the Report by his deadline of October 1, 2026. Additionally, Respondent filed a Response in Opposition [ECF No. 14] to Petitioner's Objection [ECF No. 13] on October 5, 2026.

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to

a de novo review by an Article III Judge as to those issues to which an objection is made.”). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to “reiterate the findings and conclusions of the magistrate judge.” Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider “[f]rivolous, conclusive or general objections.” Battle v. U.S. Parole Comm’n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed the Petition [ECF No. 1], Petitioner’s Objection to the Report [ECF No. 13], Respondent’s Response in Opposition [ECF No. 14], and the related filings. The Court observes that Khachatryan, a citizen and native of Armenia, was detained by U.S. Border Patrol on December 29, 2024, at the United States-Mexico border near Otay Mesa, California, and processed for expedited removal. An Immigration Judge subsequently denied his applications for asylum and withholding of removal on August 1, 2025, and ordered him removed to Armenia. See ECF No. 1-1 at 4. Khachatryan’s appeal of that decision is still pending before the

Board of Immigration Appeals.[1] Upon consideration the Court adopts Judge Rath's findings and conclusions in full.

Briefly and broadly stated, Khachatryan makes the following five objections to Judge Rath's Report: (1) Petitioner has a constitutional right to due process at some point; (2) due process extends to prolonged mandatory detention; (3) Petitioner's 21-month detention is prolonged and unreasonable; (4) the Report's cited cases do not establish Petitioner is due no process; and (5) the remainder of the Report's arguments all lack merit. See ECF No. 13.

As an initial matter, the Court finds that these objections re-urge arguments set forth in Khachatryan's Petition. See Collins, 8 F.3d at 293; See also ECF No. 1 at 6-7. However, the Court observes that in his objections, Petitioner asserts "errors" in the Report's interpretation of relevant case law cited throughout the Report. See ECF No. 13. To combat these "errors," Petitioner relies on case law that is not binding on this Court.[2] Id. at 4-14 (relying on cases from outside circuits including, but not limited to, the First, Second, Seventh, Ninth, Tenth, and

[1] See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited, Nov. 12, 2026).

[2] The Court also observes that at least one source relied on by Petitioner is not an opinion, but rather a Report and Recommendation issued by a Magistrate Judge outside of the Fifth Circuit. (e.g., ECF No. 13 at 4 (citing A.A v. Warden, Stewart Detention Ctr., 4:4-cv-191, 2026 WL 1105047, at *7 (M.D. Ga. Feb. 13, 2026))).

Eleventh). Likewise, when Petitioner did rely on Fifth Circuit authority, those cases involved decisions from sister district courts which are equally nonbinding on this Court. See United States v. Rao, 123 F.4th 270, 281 (5th Cir. Dec. 9, 2024) (stating "a district court opinion is not binding on another judge of the same court, much less on [the court of appeals]."). As such, the Court finds the Magistrate Judge did not err, and Petitioner's objections are overruled.

Moreover, since Judge Rath entered his Report and Recommendation, the Fifth Circuit Court of Appeals has entered a decision in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). This opinion reiterated Judge Rath's conclusion: that Petitioner's detention while his removal proceedings are ongoing does not violate the Fifth Amendment's Due Process Clause. "Because Petitioner[ ] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[ ] seek[s] to prove at [his] bond hearing[ ] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

To the extent Petitioner argues that his detention is prolonged such that it violates the Fifth Amendment's Due Process Clause as applied to him, Sosnava Rodriguez rejected a "six-month timeframe as a hard limit on pre-removal detention," submitting that the pertinent question is whether removal is practically attainable. Sosnava Rodriguez, 2026 WL 3181188, at *13 (emphasis in original). The Fifth Circuit said, however, that it "d[id] not dismiss the idea that distinct due process questions might arise" if a petitioner's "detention no longer served its immigration purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [ ] for other reasons.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring) and Banyee v. Garland, 115 F.4th 928, 934 (8th Cir. 2024)). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[ ] the duration of their detention as unconstitutional; nor . . . assert[ ] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).

The Fifth Circuit pointed to Justice Kennedy's concurrence in Demore, and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to be an unreasonable delay by the INS in pursuing and completing

deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). Justice Kennedy concurred after concluding that incarceration for other reasons was "not a proper inference . . . either from the statutory scheme itself or from the circumstances [in Demore]." Id. at 533.

In Banyee, the Eighth Circuit concluded that a detainee's year-long, pre-removal detention did not violate the Fifth Amendment's Due Process Clause where there had been no "'dilatory tactics' by either side," but "back and forth rulings, plus general administrative backlogs, were to blame for [the petitioner's] lengthy detention." Banyee, 115 F.4th at 934. Banyee said, "[n]or is it a problem that the jail the government used also housed criminals. It takes more to turn otherwise legal detention into unconstitutional punishment." Id. (referencing Bell v. Wolfish, 441 U.S. 520, 537 (1979)).

In sum, the length of Petitioner' detention does not determine its legality. Id. at 932. "The why . . . is more important than how long." Id. Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. That Petitioner's detention is lengthened

due to "general administrative backlogs" does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Khachatryan's Petition [ECF No. 1] is hereby denied and dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Consequently, the Report and Recommendation [ECF No. 12], as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 12th day of November, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE